Filed 4/8/14  Dahan v. Barnes CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SHMUEL DAHAN et al, | B246370 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. SC119499) |
| v. | |
| WILLIAM J. BARNES et al, | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Craig D. Karlan, Judge.  Affirmed.

Law Offices of Douglas E. Klein and Douglas E. Klein, for Defendants and Appellants.

Wolf, Rifkin, Shapiro, Schulman & Rabkin, Mark J. Rosenbaum and Stephen M. Levine, for Plaintiffs and Respondents.

_____

Defendants and appellants William J. Barnes and Ruth Barnes (the tenants) appeal from an order denying their special motion to strike under Code of Civil Procedure section 425.16, the "anti-SLAPP statute,"[1] in this unlawful detainer case filed by plaintiffs and respondents Shmuel Dahan and Theodora Dahan (the landlords). We affirm, finding that the lawsuit did not arise from activity protected by the statute.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 4, 2012, the parties entered into a written lease for a residence in Beverly Hills (the lease). The lease was for a period of two years commencing on July 1, 2012, and ending on June 30, 2014. Rent of $8,900 was due on the first day of each month payable by personal check or other direct deposit to respondent Shmuel Dahan. The tenants failed to pay rent for October and November 2012.

On October 17, 2012, the landlords' attorney wrote to the tenants' attorney, advising that the tenants' deposit of their rent into an escrow-bearing account was "improper" and that the landlords were amenable to mediation of any issues the tenants had regarding the residence other than unlawful detainer for nonpayment of rent. The tenants' attorney wrote the next day that he would respond shortly.

Instead, on October 19, 2012, the tenants filed a lawsuit against the landlords for fraud, negligent misrepresentation, breach of contract and unfair business practices, alleging that at the time the landlords entered into the lease they failed to disclose to the tenants that they were delinquent on their payments on a second mortgage on the residence.

On November 26, 2012, the landlords served the tenants with a three-day notice to pay rent or quit for failure to pay rent of $17,800, and a three-day notice to pay/cure or

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

SLAPP is an acronym for strategic lawsuits against public participation. An order granting or denying a special motion to strike under section 425.16 is directly appealable. (§§ 425.16, subd. (i), 904.1, subd. (a)(13).)

quit for failure to pay late charges of $300. After the tenants failed to comply with the notices, the landlords filed the instant unlawful detainer action on December 19, 2012.

The tenants filed an anti-SLAPP motion, arguing that they had engaged in the protected activities of filing a lawsuit against the landlords and depositing the rent into an escrow account. The landlords opposed the motion, which the trial court denied. The court stated: "[B]ased upon the pleadings and evidence provided, the court finds that this unlawful detainer complaint arises from defendants' alleged failure to pay rent, not the filing of [the tenants'] action. . . . In this case . . . there is no dispute that defendants are not current on their rent to plaintiffs. Nor is there anything to show that defendants have the option of paying the rent into an escrow account to avoid this requirement. While defendants may be able to assert retaliatory eviction as a defense in the action . . . , such [does] not provide a basis to strike the complaint in its entirety." This appeal followed.

## DISCUSSION

### I. The Anti-SLAPP Statute and the Standard of Review

The anti-SLAPP statute provides that "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

There are two components to a motion to strike brought under section 425.16. The defendant has the threshold burden to show that the cause of action arises from an act in furtherance of the right of petition or free speech. (*Zamos v. Stroud* (2004) 32 Cal.4th 958, 965; *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.) Once that burden is met, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the claim. (*Zamos v. Stroud, supra*, at p. 965; *City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 76.)

We independently review the record to determine whether the asserted causes of action arise from the defendant's free speech or petitioning activity, and, if so, whether

3

the plaintiff has shown a probability of prevailing. (*City of Alhambra v. D'Ausilio* (2011) 193 Cal.App.4th 1301, 1306; *Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3; *HMS Capital, Inc. v. Lawyers Title Co*. (2004) 118 Cal.App.4th 204, 212.)

## II.  No Protected Activity

The theory of the tenants' anti-SLAPP motion is that the filing of their lawsuit against the landlords and their deposit of the rent into a segregated bank account while their lawsuit was pending are protected activities from which the instant unlawful detainer action arose.

In opposing the anti-SLAPP motion, the landlords conceded that the filing of the tenants' lawsuit is an activity protected by section 425.16.  "But the mere fact an action was filed after protected activity took place does not mean it arose from that activity. The anti-SLAPP statute cannot be read to mean that 'any claim asserted in an action which arguably was filed in retaliation for the exercise of speech or petition rights falls under section 425.16, whether or not the claim is *based on* conduct in exercise of those rights.'" (*City of Cotati v. Cashman, supra,* 29 Cal.4th at pp. 76–77.)  "[T]he statutory phrase 'cause of action . . . arising from' means simply that the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech.  [Citation.]  In the anti-SLAPP context, the critical point is whether the plaintiff's cause of action itself was *based on* an act in furtherance of the defendant's right of petition or free speech." (*Id*. at p. 78.)

Here, the unlawful detainer action is based on the tenants' failure to pay rent for two months to the landlords, per the terms of the lease.  The tenants' theory that the unlawful detainer action arises from the tenants' actions of suing their landlords and placing the rent into a segregated account is unpersuasive.  As the landlords aptly state: "If refusal to pay rent (or purported payment into a segregated bank account) were an activity protected by the First Amendment, no tenants would have the obligation to pay rent so long as they beat their landlord to the courthouse door and file a complaint against

4

their landlord prior to a landlord's unlawful detainer for failure to pay rent." (Bolding omitted.)

The most that can be said about the tenants' theory is that their action in suing the landlords arguably "triggered" the unlawful detainer complaint. "[T]hat a cause of action arguably may have been 'triggered' by protected activity does not entail that it is one arising from such. [citation.] In the anti-SLAPP context, the critical consideration is whether the cause of action is *based on* the defendant's protected free speech or petitioning activity." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.)

The refusal to pay rent is not an act in furtherance of the right of petition or free speech. Thus, the tenants failed to meet their initial burden of showing that the unlawful detainer action arose from protected activity. Accordingly, the burden never shifted to the landlords of showing a probability of prevailing on their action.

## DISPOSITION

The order denying the anti-SLAPP motion is affirmed. The landlords are entitled to recover their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, Acting P. J.
        ASHMANN-GERST

We concur:


_____, J.
      CHAVEZ


_____, J.*
      FERNS

_____

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.